328

income and the seller's economic interest in the production of the oil were exactly the same under the agreement that was made. He is equally entitled to the depletion allowance. The purchaser could in no justice claim it as a deduction from his income. We have thus looked at the transaction broadly, as was done in Palmer v. Bender, and not technically, as was done in the Pugh Case. We believe that the Board has correctly held that in such sales of interests in oil leases a money payment unconnected with production of oil is to be dealt with as representing a conversion of capital by sale, but that "oil payments" where no personal obligation is assumed by the purchaser are to have the benefit of the statutory depletion allowance.

The petitions for review are therefore denied.

FOSTER, Circuit Judge (dissenting).

I agree with the conclusion of the majority of the court as to the allowance of a deduction for depletion on the income received by the taxpayer out of the proceeds of oil produced from the lease. However, I think we should go further and allow a deduction for depletion on the cash payment, not dependent on the production of oil, since the taxpayer retained an economic interest in the oil in place. Palmer v. Bender, 287 U. S. 551, 53 S.Ct. 225, 77 L.Ed. 489. I therefore respectfully dissent.

**COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. Mrs. William FLEMING, Respondent.**

**SAME v. William FLEMING, Respondent.**

**William FLEMING, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Mrs. William FLEMING, Petitioner, v. SAME.**

Nos. 7900, 7902, 7901, 7912, 7913, 7915.

Circuit Court of Appeals, Fifth Circuit.
March 7, 1936.

John MacC. Hudson and Sewall Key, Sp. Assts. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and John D. Kiley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

Geo. S. Atkinson, of Dallas, Tex., for William Fleming and Mrs. William Fleming.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The above-entitled cases are by stipulation to abide the result between the same parties, this day decided [(C.C.A.) 82 F. (2d) 324].

The petition for review in each case is therefore denied.

FOSTER, Circuit Judge, dissents.

**COMMISSIONER OF INTERNAL REVENUE v. WILLIAMS.**
No. 7826.

Circuit Court of Appeals, Fifth Circuit.
March 11, 1936.

